UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SUSIE CUMMINGS WILLIAMS      CIVIL ACTION NO. 08-cv-0171

VERSUS      REFERRED TO:

U.S. COMMISSIONER SOCIAL      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Susie Williams ("Plaintiff") applied for benefits based on a variety of claimed ailments. Plaintiff was born in 1953, she has a GED, and her past work experience includes employment as a teacher's aide. Her main complaints are high blood pressure, enlarged heart, and inability to walk.

ALJ Linda Sybrant conducted a hearing and issued a written decision in November 2005. She found that Plaintiff had the residual functional capacity ("RFC") to perform a significant range of light work. A vocational expert ("VE") testified that a person with Plaintiff's RFC and other vocational factors could perform the jobs of mail clerk, gate guard, and fingerprint clerk. ALJ Sybrant accepted the testimony and determined at step four of the analysis that Plaintiff was not disabled. Tr. 165-72.

Plaintiff filed another application, and ALJ Charles Lindsay conducted a hearing. He found that Plaintiff had the RFC to perform light-work activity (including stand/walk six hours a day) with some limitations such as only occasional overhead reaching with the right arm, occasional use of a cane for walking, and reduced by a sit/stand option. Tr. 35.

Plaintiff pursued both claims to the Appeals Council and, because of delays in the processing of the first application, both claims became final at about the same time. Plaintiff filed this judicial proceeding and asked for review of both decisions. Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decisions to deny benefits will be affirmed.

Plaintiff's single issue on appeal is a challenge that the RFC for light work (subject to some other limitations) is not supported by substantial evidence. Plaintiff points to her testimony that at the first hearing that she estimated she could stand for "a good two hours" and sit without getting leg cramps "probably an hour and a half without having to stand up for a little while." She said she could walk only "a good two blocks," and estimated that she could lift about 12 pounds. Tr. 275. Plaintiff argues that this undermines ALJ Sybrant's finding that Plaintiff can perform light work, reduced by occasional overhead reaching with the right shoulder. She also generally challenges ALJ Lindsay's similar assessment. She contends that there is no medical evidence opposing her testimony about these limitations and that a consultative examination by Dr. Joseph Bianca is generally supportive of her testimony.

The medical evidence includes a 2004 evaluation by Dr. Simonton, an orthopedic physician. He noted that Plaintiff had a history of arthroscopic surgery on her right shoulder.

Plaintiff was then complaining of pain in her right hip, radiating down her right leg. Dr. Simonton's exam found no muscle spasms in the lumbar area, painless straight-leg raise to 90 degrees, and normal sensation to touch in the legs. A lumbosacral test did illicit a complaint of pain. Plaintiff's gait was normal, without a limp and without the need for any assistive device. Plaintiff did refuse to walk on her heels or toes. An X-ray of the spine was normal. Dr. Simonton concluded that Plaintiff likely had nerve root pressure at some time in the past (shown by an absence of left Achilles reflex), but he thought that she did not then have active nerve root pressure. He wrote that Plaintiff should not attempt work that requires overhead activity, but Plaintiff "should have little limitation of work otherwise" and be able to perform most of the duties of her past job as a care-giver to special needs children. Tr. 134-35.

Dr. Bianca conducted an examination in October 2005. Plaintiff was not taking any prescribed medications. An examination of her back found no localized tenderness or deformities. A straight-leg raise test was positive at 45 degrees on the right and about 80 degrees on the left. There was no swelling of the extremities. Plaintiff's gait and station were normal, but she could not walk on her toes or heels. She did move around and get on and off the examining table "without problem." She had some generalized decreased muscular strength in her upper and lower extremities, but Dr. Bianca opined that it was "probably secondary to less than maximum effort." Plaintiff complained of arthritis in her hands and legs, but Dr. Bianca found "no significant physical findings indicative of

significant arthritis." Plaintiff did have "some limited motion" of the right shoulder secondary to prior surgeries. Dr. Bianca acknowledged the history of back pain and the positive straight-leg raise, but he did not write that Plaintiff had any limitation on her ability to walk or stand.

ALJ Lindsay noted in his decision a January 2006 evaluation in which Plaintiff was ambulatory on her own and moved all her extremities. ALJ Lindsay also noted that Plaintiff's blood pressure and diabetes were well controlled. Plaintiff claimed visual problems, but an examination showed none. A 2006 X-ray of the knee was normal, and Plaintiff was ambulatory and moved all of her extremities. Plaintiff alleged a history of stroke, but there was no objective evidence to support the claim, and a CT scan of the brain/head was normal. The medical records contained no mention of a walker or cane, but Plaintiff testified that she needed to use a walker in the morning for a couple of hours before progressing to a cane. Tr. 301-03.

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

Plaintiff's testimony about her claim of rather extraordinary limitations is not uncontested. There was medical evidence presented to both ALJs that indicated some back problems that might impair heavy lifting or other more difficult tasks, but the records otherwise reflected that Plaintiff should be able to perform the rather slight demands of the RFCs that were assessed. The court is persuaded that there were credible evidentiary choices and medical findings to support the decision made by each ALJ, so judicial relief is not warranted.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE